IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CONFEDERATED TRIBES AND BANDS**          3:14-CV-01963-PK
**OF THE YAKAMA NATION,**

                                       ORDER

        **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA;**
**DEPARTMENT OF THE ARMY; and**
**ARMY CORPS OF ENGINEERS,**

        **Defendants.**

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#33) on December 18, 2015, in which he recommends the Court grant in part and deny in part Plaintiff Confederated Tribes and Bands of the Yakima Nation's Motion (#21) for Summary Judgment and deny Defendants' Motion (#27) for Summary Judgment.

1 - ORDER

Plaintiff and Defendants filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

### I. Defendants' Objections

In their Objections Defendants reiterate the arguments contained in their Motion for Summary Judgment, their Reply in support of their Motion for Summary Judgment, and in their assertions at oral argument. This Court has carefully considered Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

### II. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to deny Plaintiff's Motion for Summary Judgment as to its claim for declaratory judgment on the grounds that issuing a

declaratory judgment is not discretionary and uncertainty surrounding future response costs does not preclude declaratory judgment.

In its Complaint Plaintiff asserts two claims: (1) a cost-recovery claim under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607(a), and (2) a claim for declaratory judgment establishing Defendants' liability for Plaintiff's future CERCLA response costs.

The Magistrate Judge found Plaintiff's oversight costs and funding costs are "response costs" caused by the release or threatened release of a hazardous substance and "not inconsistent with the National Contingency Plan (NCP). Accordingly, the Magistrate Judge recommended granting Plaintiff's Motion for Summary Judgment as to those costs. The Magistrate Judge, however, found a genuine dispute of material fact exists as to whether Plaintiff's costs associated with the adoption of the regulation prohibiting fishing in the vicinity of Bradford Island are recoverable response costs under CERCLA. The Magistrate Judge, therefore, recommended denying Plaintiff's Motion for Summary Judgment as to those costs. Finally, the Magistrate Judge reiterated CERCLA imposes liability on Defendants for Plaintiff's response costs only when those costs are caused by Defendants' release or threatened release of a hazardous substance and when Plaintiff's response activities are "not

3 - ORDER

inconsistent with" the NCP.  The Magistrate Judge found:

> Because the court cannot predict to a legal certainty the exact nature or cause of the Tribe's future response activities, it cannot adjudicate Defendants liable for all of the Tribe's future response costs as a matter of law.  That said, depending on the facts surrounding Yakama Nation's future response costs, preclusion principles may significantly limit Defendants' ability to contest their liability for those costs.

Findings and Recommendation at 14.  Plaintiff objects only to this final finding and the recommendation that this Court deny Plaintiff's Motion for Summary Judgment as to Plaintiff's claim for declaratory judgment.

Plaintiff notes CERCLA provides "the court *shall* enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."  42 U.S.C. § 9613(g)(2)(emphasis added).  Accordingly, a successful CERCLA plaintiff is not required to re-try a polluter's liability when the plaintiff incurs response costs in the future.  The Ninth Circuit has held when "a plaintiff successfully establishes liability for the response costs sought in the initial cost-recovery action, it is *entitled* to a declaratory judgment on present liability that will be binding on future cost-recovery actions."  *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1007 (9th Cir. 2010)(emphasis added).  As the Ninth Circuit has explained:

4 - ORDER

> These [response-cost] sections [of CERCLA] envision that, before suing, CERCLA plaintiffs will spend some money responding to an environmental hazard. They can then go to court and obtain reimbursement for their initial outlays, as well as a declaration that the responsible party will have continuing liability for the cost of finishing the job.

*In re Dant & Russell, Inc.*, 951 F.2d 246, 249-50 (9th Cir. 1991). CERCLA § 113(g)(2), therefore, "mandates collateral estoppel effect to a liability determination." *United States v. Hobson*, No. CV07-282-S-EJL, 2010 WL 255971, at *9-10 (D. Idaho Jan. 15, 2010)(citation omitted).

In its Objections Plaintiff makes clear it is only seeking a declaratory judgment as to Defendants' liability, which is permitted by CERCLA, and not seeking a determination regarding the "nature or cause of [its] future response activities" as the Magistrate Judge suggests. *See, e.g.*, *United Alloys, Inc. v. Baker*, 797 F. Supp. 2d 974, 1003 (C.D. Cal. 2011)("CERCLA expressly provides for declaratory actions for determining liability as to future response costs."); *Voggenthaler v. Maryland Square LLC*, 724 F.3d 1050, 1064-65 (9th Cir. 2013). Plaintiff concedes even if the Court enters a declaratory judgment of liability, Plaintiff "will still be required, in any future action, to demonstrate that the actions for which it is seeking its costs are response actions under CERCLA." The Court agrees.

Accordingly, the Court declines to adopt the Magistrate

5 - ORDER

Judge's recommendation to deny Plaintiff's Motion for Summary Judgment as to Plaintiff's request for declaratory judgment.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Papak's Findings and Recommendation (#33) as follows:

1. The Court **DENIES** Defendant's Motion (#27) for Summary Judgment.

2. The Court **GRANTS** Plaintiff's Motion (#21) for Summary Judgment as to its oversight and funding costs and its claim for declaratory judgment as to Defendants' liability for future response costs.

3. The Court **DENIES** Plaintiff's Motion (#21) for Summary Judgment as to Plaintiff's costs associated with the adoption of the regulation prohibiting fishing in the vicinity of Bradford Island.

The only issues remaining for trial are (1) the amount of Plaintiff's response costs attributable to its oversight and funding activities and (2) whether the costs Plaintiff incurred to adopt the regulation prohibiting fishing in the vicinity of Bradford Island were caused by the release of hazardous

substances from Bradford Island.

IT IS SO ORDERED.

DATED this 1st day of February, 2016.

/s/ Anna J. Brown

------------------------------
ANNA J. BROWN
United States District Judge

7 - ORDER